# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| LISA ANN COLMERY-PINKERTON,<br><br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. ED CV 14-726-JFW (PLA)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

## I.
## INTRODUCTION

On April 16, 2015, the United States Magistrate Judge issued a Report and Recommendation ("R&R") in this action, recommending that plaintiff's Motion for Summary Judgment be denied, that defendant's Cross-Motion for Summary Judgment be granted, and that the decision of the Commissioner be affirmed and this action dismissed. On May 6, 2015, plaintiff filed her "Objection to Notice of Magistrate Judge's Report and Recommendation . . ." ("Objections" or "Obj.").

/
/

## II.

## **DISCUSSION**

Plaintiff raises several objections to the Magistrate Judge's findings in the R&R, "making the court . . . aware of so many discrepencies [sic] and incorrect statements of facts as well as detrimentally wrong facts of dates of ocurrance/s [sic]." (Obj. at 3). She argues that it should be against "correct protocol to rule against the plaintiff in a case such as this one" where "there clearly are misnoted and incorrect dates of events and false statements of hearing on December of 2013, recorded of ALJ [] Young." (Id.).

First, plaintiff clarifies, and the Court accepts, that she was involuntarily hospitalized from September 24, 2012, through September 26, 2012 (Obj. at 1) -- not in 2011 (as indicated in footnote 17 on page 19 of the R&R),[1] and not from September 24, 2012, through September 27, 2012 (as indicated on page 9 of the R&R).  These changes have no bearing on the Magistrate Judge's findings and recommendations.

Second, plaintiff states that she "ceased her care with Dr. Atiya due to his lack of sufficient help and practice ethics." (Obj. at 1).  A review of the record shows that the ALJ gave little weight to the opinion of treating physician Dr. Atiya because it was "unsupported by medical treatment records indicating abnormalities and symptoms consistent with the opined limitations." (Administrative Record ("AR") at 34).  The Magistrate Judge found that the ALJ's reasons for discounting Dr. Atiya's opinions were specific and legitimate, and supported by substantial evidence. (R&R at 14).  The fact that plaintiff no longer sees Dr. Atiya as a treating physician has no bearing on either the ALJ's findings, or the Magistrate Judge's findings and recommendations.

Third, plaintiff informs the Court that treating physician Dr. Iglal El-Henawi is female.  This change has no bearing on the Magistrate Judge's findings and recommendations.

Fourth, plaintiff states that she "wants the court to recognize that she HAS MULTIPLE INJURIES that . . . all need/require/demand medical attention on a regular basis." (Obj. at 2).  A review of the ALJ's decision shows that he considered "the entire record," and found that plaintiff

---

[1] Plaintiff's clarification renders footnote 17 of the R&R irrelevant to the Court's analysis.

2

has multiple severe impairments including lumbar spine degenerative joint disease and multi-level disc protrusions; cervical spine degenerative disc disease and disc extrusion at the C6-C7 level; right knee degenerative joint disease; right knee torn meniscus; and a depression disorder. (AR at 25). He also found plaintiff's hypertension, asthma, and obesity to be nonsevere. (AR at 25-26). Based on his consideration of the entire record and plaintiff's severe and nonsevere impairments, the ALJ concluded that plaintiff was able to perform a reduced range of sedentary work. (AR at 28). The Magistrate Judge found no error in the ALJ's decision and affirmed the decision of the Commissioner, thereby implicitly "recognizing" plaintiff's multiple severe and nonsevere impairments as found by the ALJ. (R&R at 20).

Fifth, plaintiff notes that she continues to "appeal and update the court with new braces/splints" for her arm and for her right knee, and continuously wears a brace on her right arm, and a hinged brace on her right knee. (Obj. at 2). She states that she wants the Court to request up-to-date records, history, and additional MRIs "if need be." (Obj. at 3). Plaintiff's prior request to submit new evidence was addressed by the Magistrate Judge in the R&R and denied because plaintiff failed to demonstrate good cause for failing to develop the evidence previously. (R&R at 9-11). Similarly, plaintiff presents no convincing reasons in her Objections for the Court to consider or request any new evidence.

Sixth, plaintiff notes that her impairments "have been ongoing since onset of JANUARY 1999," as the result of a motor vehicle accident that was settled during arbitration. (Id.). She generally complains that the other party to the accident has misstated the settlement amount. (Id.). These facts have no bearing on the Magistrate Judge's findings or recommendation.

Seventh, plaintiff complains that the ALJ "may have only referenced less acute items of her 2011 MRI" so as to justify his denial of her benefits. (Obj. at 2-3). A review of the record shows that the 2011 MRI of plaintiff's right knee was ordered by Dr. Grames, and revealed a medial tear in the central portion of the medial meniscus and moderate joint effusion of the right knee. (AR at 364-65). Based on the MRI, and also on x-rays of the bilateral knees taken on June 8, 2011, Dr. Grames diagnosed plaintiff with right knee degenerative joint disease and a medial meniscus

1  tear, and recommended arthroscopic surgery.  (Id.).  Although in his decision the ALJ did not state
2  the specific weight given to Dr. Grames' opinion (see generally AR at 34-35), the ALJ apparently
3  considered that opinion and the 2011 MRI when he found that plaintiff has the severe impairments
4  of right knee degenerative joint disease and a torn meniscus, and limited her to occasional
5  pushing and pulling with the right lower extremity, occasional stooping, kneeling, crouching,
6  crawling, balancing, and climbing stairs, no jumping, and no walking on uneven terrain.  (AR at
7  28, 31, 361-63, 364-65).  Plaintiff does not identify the allegedly "more acute" items of the MRI she
8  contends the ALJ failed to reference.  (Obj. at 2-3).

9        Eighth, plaintiff informs the Court that a 2001 MRI reference in the record may in fact be
10 a 2002 MRI.  (Obj. at 3; see also R&R at 13 & n.15, 16 n.16).  This fact has no bearing on the
11 Magistrate Judge's findings or recommendation.

12       Ninth, plaintiff states that she "wants the court to be aware of her honesty with reference
13 to ALJ Young[']s verbal words at the hearing described ther[e]in and would like . . . this court to
14 identify it audi[]bly from the audio record of the unofficial record."  (Obj. at 3).  Plaintiff does not
15 further explain or identify with any reference to the hearing transcript, for instance, the issue to
16 which she is referring.  To the extent plaintiff is referring to the colloquy between the ALJ and the
17 vocational expert she previously described in her Opposition to defendant's Motion for Summary
18 Judgment (see Opposition at 1-2), the Magistrate Judge already discussed this issue in the R&R,
19 and cited to the relevant pages of the hearing transcript.  (R&R at 7-8 & n.8 (citing AR at 82)).
20 Plaintiff presents no compelling reason for the Court to review the audio recording of the hearing.

21       Tenth, plaintiff requests a jury trial.  Because a jury trial is not available in an action seeking
22 judicial review of the Commissioner's final decision denying disability benefits, plaintiff's request
23 for a jury trial is denied.  42 U.S.C. § 405(g).

24 /
25 /
26 /
27 /
28

4

## III.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the other records on file herein, the magistrate judge's report and recommendation, and plaintiff's Objections to the report and recommendation. The Court has engaged in a de novo review of those portions of the report and recommendation to which objections have been made. The Court agrees with the recommendations of the Magistrate Judge.

ACCORDINGLY, IT IS ORDERED:

1. The report and recommendation is accepted, with the following exceptions:

    a. page 9, note 11, line 21: "September 27, 2012," should instead be read as "September 26, 2012";

    b. page 19: footnote 17 is disregarded in its entirety; and

    c. pages 14-17: any references to "he," "him," or "his" when referring to Dr. El-Henawi should instead be read as "she" or "her."

2. Plaintiff's Motion for Summary Judgment is **denied**.

3. Defendant's Cross-Motion for Summary Judgment is **granted**.

4. The decision of the Commissioner is affirmed.

5. Plaintiff's Complaint is dismissed.

6. Judgment shall be entered consistent with this order.

7. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED:  May 12, 2015

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE